UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THOMAS LENAHAN,

              Plaintiff,

    -against-

NEW YORK CITY, N.Y.C. DEPARTMENT OF
CORRECTION, N.Y.C. DEPARTMENT OF HEALTH
AND MENTAL HYGIENE, COMMISSIONER PONTE,
WARDEN TURHAN GUMUSDERE, DEPUTY
WARDEN BARNES, DEPUTY WARDEN KELLY,
CAPT. SAINT FLEUR, CAPT. BELL, CAPT.
PLASKETT, C.O. NELSON, C.O. HENRY, C.O. GIL,
C.O. CURANT, C.O. MOTSIFE, C.O. HEWITT,
C.O. BLACK, C.O. JANE DOE, C.O. JOHN DOE,
MS. ELIZABETH LANDON, MR. A. BILACDI,
MR. LAWRENCE BELL, MR. ERIC ROSEN,
DR. PARKERS,

              Defendants.
------------------------------------------------------------X

**MEMORANDUM and ORDER**

17-CV-6734 (AJN)(KNF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/24/19

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      Plaintiff Thomas Lenahan, ("Lenahan"), who is proceeding pro se in this action brought pursuant to 42 U.S.C. § 1983, has made an application for the Court to appoint counsel to represent him. Lenahan alleges, through his complaint, that the defendants violated his constitutional rights by:
1) delaying the completion of Lenahan's mental health evaluation when he came into the custody of the defendant N.Y.C. Department of Correction; 2) failing to provide him "medical attention" including psychiatric medications; 3) providing "absolutely zero medical attention," after Lenahan attempted suicide; 4) denying him medication prescribed by the defendants' dentist; 5) housing Lenahan in a cell with open windows and no heat; 6) failing to provide him with seasonably appropriate clothing; 7) failing to provide him a medically prescribed mattress and appropriate bed linen; 8) retaliating against Lenahan for filing grievances, seeking to file a lawsuit and "exercising [his] constitutional free speech" right; and 9) labeling him a "snitch" and thereby endangering his safety in the jail facility where he was housed.

Lenahan seeks to recover damages for these constitutional violations and for tortious conduct in which he alleges the defendants engaged. In a writing dated June 13, 2019, Lenahan informed the Court that he "tried very hard to obtain counsel [prior to his present period of incarceration] by forwarding my complaint to several attorneies [sic] by E-Mail [sic]. None were interested." According to Lenahan, he needs counsel to represent him in this action "because at least three oral depositions must be conducted . . . and [t]he factual investigation required to win this case is beyond the scope of anything an incarcerated individual can conduct."

Unlike criminal defendants, indigents filing civil actions have no constitutional right to counsel. However, 28 U.S.C. § 1915(e)(1) provides that the Court may request an attorney to represent any person unable to afford counsel. Lenahan made an application to proceed in forma pauperis, which was granted on December 19, 2017. As a consequence, he is within the class to whom 28 U.S.C. § 1915(e)(1) speaks.

"In deciding whether to appoint counsel, [a] district [court] should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert denied, 502 U.S. 986, 112 S. Ct. 596 (1991). This means that it appears to the Court "from the face of the pleading," Stewart v. McMikens, 677 F. Supp. 226, 228 (S.D.N.Y. 1988), that the claim(s) asserted by the plaintiff "may have merit," Vargas v. City of New York, No. 97 Civ. 8426, 1999 WL 486926, at *2 (S.D.N.Y. July 9, 1999), or that the "plaintiff appears to have some chance of success . . . ." Hodge, 802 F.2d at 60-61.

When a person is taken into custody and held against his will, by a state or one of its municipalities, such as the defendant New York City ("City"), the Eighth and Fourteenth Amendments to the Constitution impose upon the state or the municipality a corresponding duty to assume responsibility for the person's safety and well-being. See Estelle v. Gamble, 429 U.S. 97, 103-105, 97 S. Ct. 285, 290-291 (1976). Therefore, the City and its correctional personnel were obligated to take reasonable measures to ensure Lenahan's safety and well-being while he was in their custody.

The factual assertions made by Lenahan, in his complaint, respecting the: (1) conditions under which he was confined by the defendants; and (2) failure of the defendants to attend reasonably to his

serious medical needs indicate to the Court that his claims may have merit. Therefore, the Court considered the other factors outlined in Hodge, since Lenahan has satisfied the threshold Hodge requirement of demonstrating that his position is likely to be of substance. Those other factors considered by the Court are: 1) Lenahan's ability to investigate the crucial facts; 2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact-finder; 3) Lenahan's ability to present the case; 4) the complexity of the legal issues; and 5) any special reason in this case why appointment of counsel would be more likely to lead to a just determination. See Hodge, 802 F.2d at 61-62.

According to Lenahan's submission, the "factual investigation required to win this case is beyond the scope of anything an incarcerated individual can conduct." This may be so in the instant case owing, in part, to the transient residency, within the defendants' jail facility, of the pretrial detainees whom Lenahan would need to: (1) contact to prepare his case; and (2) summon to the trial of this action as witnesses.

In addition, given the nature of the allegations Lenahan has made in the complaint, it seems very likely that issues of credibility will dominate this litigation. Therefore, cross-examination will be the major proof presented to the fact-finder. Having someone skilled in that art will be vital to Lenahan's ability to present his case. Nothing in the record before the Court indicates that Lenahan possesses that skill. Furthermore, testimony from persons with expertise in dentistry, psychiatry and conditions of correctional facility confinement will likely have to be elicited; securing witnesses with such expertise, while incarcerated, is likely to be extremely difficult for Lenahan to accomplish without the aid of counsel. Moreover, nothing in the record before the Court indicates that Lenahan possesses any particular knowledge or skill that would enable him to analyze the complex issues associated with the subject matter areas noted above about which witnesses with expertise will likely testify. This factor, like the other factors addressed above, militates in favor of granting Lenahan's application for appointed counsel.

Having considered the various factors outlined in Hodge, supra, the Court finds that it would be reasonable and appropriate to grant Lenahan's application for appointment of counsel. Therefore, the Office of Pro Se Litigation for this judicial district is directed to request pro bono counsel for the plaintiff in accordance with the applicable procedures. Lenahan must be mindful that he has to continue to represent himself until such time as an attorney agrees to represent him pro bono.

Dated: New York, New York
July 24, 2019

Copy mailed to:

Thomas Lenahan

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE