```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
THOMAS LENAHAN,                            :

                Plaintiff,                 :

        v.                                 :         MEMORANDUM AND ORDER

CITY OF NEW YORK, et al.,                  :
                                                     17-CV-6734 (AJN) (KNF)
                Defendants.                :
------------------------------------------------------ X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

  Plaintiff Thomas Lenahan proceeding pro se commenced this action, pursuant to 42 U.S.C. § 1983, asserting unconstitutional pretrial detainee living conditions during his detention on Rikers Island, New York. On January 27, 2020, the Court granted the plaintiff's motion to compel and directed the defendants "to respond to the plaintiff's document request nos. 13, 14, 15, 19, 20, 22, 23, 26, 28, 29, 31, 32, 34, 35, 39 and 41 on or before February 6, 2020. To the extent that the defendants' response to document request no. 22 contains information protected by the New York Mental Hygiene Law, that information shall be redacted before providing it to the plaintiff." Docket Entry No. 67. Before the Court is a motion made by the plaintiff for: (i) sanctions pursuant to Rule 37(b) of the Federal Rules of Civil Procedure for failure to obey the Court's January 27, 2020 order; and (ii) an extension of time to complete discovery. The defendants oppose the motion.

## PLAINTIFF'S CONTENTIONS

  The plaintiff seeks sanctions against the defendants for failure to comply with the Court's January 27, 2020 order granting the plaintiff's motion to compel and directing the defendants to respond to the plaintiff's document request Nos. 13, 14, 15, 19, 20, 22, 23, 26, 28, 29, 31, 32, 34,

1

35, 39 and 41 no later than February 6, 2020. The plaintiff contends that he is "incarcerated in the facility with the highest corona virus cases" and since he is "being placed on quarantine with 5 visits to the law library since March [1,] 2020," he requests an extension of time to complete discovery. In support of his motion, the plaintiff submitted his sworn affidavit. The plaintiff asserts that he filed a complaint in this action about September 1, 2017, "without the benefit of a law library or any legal resources," which is why the complaint "contained myriad legal omissions." The plaintiff intends to seek leave to amend the complaint to "add the correct names of all parties as Judge Nathan ordered plaintiff to do once he receives the information" and to make citation to specific statutes and constitutional provisions violated. The plaintiff asserts that the alleged violations occurred "at A.M.K.C. and G.M.D.C. detention centers" on Rikers Island. He contends:

> In the past, the defendants have intentionally provided the incorrect spelling of a defendants [sic] name and claimed to have no address to serve said defendant, thus eliminating the medical director responsible for a host of medical decisions/legal responsibilities off [sic] the defendants. Then they provided fabricated financial records which were exposed by their date that indicated plaintiff was detained at G.M.D.C. on 11/07/14 when in fact plaintiff was not transferred to G.M.D.C. until 12/03/14. Further, the house detail money he earned would have paid off that restitution by 01/07/15 to still indicate the same balance on the following page. But please notice, this document is regarding G.M.D.C.!!!! See Exhibits numbered 1 and 2 attached hereto.

The plaintiff contends that he wrote to the defendants' counsel in an attempt to resolve discovery disputes. During a telephone conference with the defendant's counsel, the plaintiff learned for the first time that the Court granted the defendants' request for an extension of discovery deadline, although the plaintiff did not receive a notice of that order. According to the plaintiff, he did not have access to the Local Civil Rules of this court or individual judges' rules of practice until March 4, 2020, when he received those documents from the court.

The plaintiff asserts that in his document request No. 28, he "requested the officer's A.M.K.C. logbook entries for the law library 3 PM to 11 PM tour of November 25, 2014 which would reflect plaintiff was finally issued warm winter clothing after months of complaining to various people and agencies." However, in response to document request No. 28, the defendants provided "the logbook entries of all inmates entering the law library during each session on November 25, 2014 to prove the constitutional requirements have been met if some agency challenges their muster requirements." The plaintiff maintains that

> many key important facts have not been disclosed which clearly preclude Summary Judgment, the Complaint has not even been Amended to incorporate the new defendants because a Second Production of Documents Request is required, which is attached, to identify the appropriate Jane Doe and other pertinent information based on the first request.

The plaintiff asserts that the delays in this action were caused solely by the defendants. The defendants never forwarded the plaintiff's deposition transcript to him to make corrections and sign, which deprives the plaintiff of procedural due process.

Concerning the plaintiff's document request No. 23, the plaintiff requested and the Court ordered the defendants to produce "the names, dates of birth, last known address, phone number, emergency contact information for all detainees housed in A.M.K.C. dorm 2-Top on September 25, 2014," and his document request No. 41 repeated the same request "for all detainees in Dorm 6 at G.M.D.C. in January of 2015." In response to the Court's January 27, 2020 order, the defendants produced "a list completely lacking personal information ordered to be handed over (i.e. D.O.B., last known address, phone number, emergency contact information, etc. . . . information needed to locate the witness to subpoena for trial)." Without evidence, the plaintiff is unable to prepare a pretrial statement in conformance with the Local Civil Rules of the court.

Moreover, "all documents ORDERED to be produced relating to G.M.D.C. (i.e. 1139 and 1141) were withheld or claimed unable to locate."

> When plaintiff filed the Motion to Compel, the defendants knew the facility was closed, but the central office either has the information or the keys to open the building to retrieve the information. If defense counsel felt even slightly unable to furnish certain documents pertaining to a certain building, they should have raised such concerns, issues and objections in a Reply Opposition to the Motion to Compel, but to outright refuse to produce all documents (there are others) relating to GMDC after a Court order to Compel has been granted is outright Contempt of Court and a complete violation of this plaintiff's procedural due process of law rights, and in light of all the circumstances described supra and infra, and given the procedural history of the case where the defendants' counsel appear willing to implicate the court with even the appearance of impropriety. Plaintiff believes the only proper remedy under these circumstances is all factual allegations raised in the Complaint relating to G.M.D.C. should be respectfully accepted as true as prescribed by the legal remedies of Rule 37(b)(2)(A)(i) of the Fed. R. Civ. P.

The plaintiff asserts that his document request No. 20 requested "the legal name, D.O.B., home address, phone number, and emergency contact information for the inmate described in ¶19 because he observed the deep rope strangulation marks around plaintiff's neck while we were both urinating alone and notified officer 'Jane Doe' upon his departure to the receiving room to be transferred to C-76." In response, the defendants produced "DEF001217-DEF001218 (Exhibit # 19) which omits all personal information ordered to be produced." The defendants waited until the last moment to provide documents, withholding "strategically home addresses needed and phone numbers needed to subpoena witnesses," spelling incorrectly the defendants' names, doctoring financial records, so that they can move for a summary judgment while withholding pertinent key information "pertaining to the dispensing of warm clothing on November 25, 2014, precluding said Summary Judgment (i.e. law library logbook pages)," although the plaintiff informed them multiple times of the denial of access to the law library by John Wood and "the March 19, 2020 correspondence." The plaintiff asserts that summary

4

judgment is premature given that relevant documents were not disclosed by the defendants. He maintains:

> A Second Production of Document Request is indispensable because defendants[sic] counsel provided two possible correction officers even though there was only one on the unit at the time and "Jane Doe" was a short, dark skinned African American woman standing approximately 5'6 with corn rolls, slender built, fair smooth complexion. Plaintiff needs to review their photographs, height, body weight, etc . . . And the previous year maintenance records important because they illustrate an ongoing condition that demonstrate deliberate indifference. This is something for the Court to seriously consider - Defendant Bell authorized and conducted the search and confiscated legal-work on November 25, 2014, then authorized the transfers of Plaintiff Thomas Lenahan and Rodney Smith on December 3, 2014 which automatically illustrate retaliation for exercising the first amendment right to redress the government over governmental grievances. The date requested in the First Production of Document Request was December 2, 2014 and needs to be corrected for trial or Summary Judgment purposes. Please bear in mind, at the commencement of this action, plaintiff requested the "Blue-Book" and whatever local rules of the court needed to prosecute this action· and was referred to an internet website; then he became incarcerated and no longer had said resources.

The plaintiff asserts that his lack of access to the law library and a typewriter, ten days he spent in a segregated housing unit starting on December 28, 2019 and "a 14 day quarantine because an inmate tested positive for COVID-19," followed by his housing in "the mental health's special observation dorm," prevented him from prosecuting timely this action. The plaintiff contends that he incurred $819 in expenses, including $70 he paid to use a typewriter to type the complaint, "a ribbon at ten dollars and rented typewriter for a week at $44.80" and copying fees.

### DEFENDANT'S CONTENTIONS

In opposition to the motion, the defendants filed their memorandum of law, asserting that the motion for sanctions should be denied and consenting to the plaintiff's request for an extension of fact discovery. The defendants assert that, as explained in their February 26, 2020 letter, Docket Entry No. 71, they "produced all responsive documents that could be located

5

following a diligent search," including "several documents responsive to Request Nos. 20, 23, and 28, the subject of Plaintiff's present motion."

> Although Plaintiff now maintains that the documents produced in response to Request Nos. 20, 23, and 28 were inadequate, these documents were the only ones located by Defendants. No other documents were located and none are being withheld. Moreover, as explained in Defendants' February 26, 2020 letter, Defendants did not locate any documents responsive to Request No. 41 following a diligent search, and they were therefore unable to produce any documents in response to that request. Plaintiff's assertion that Defendants' responses are incomplete is entirely speculative. Indeed, Plaintiff provides no basis for finding that additional documents exist, or that defendants' search was not adequate.

The defendants maintain they "have fully complied with the Court's January 27, 2020 Order" and, "[e]ven assuming the Court should find otherwise," the motion for sanctions should be denied because "there is no showing that any non-compliance was willful." The defendants assert that, "due to staffing shortages and other restrictions necessitated by DOC's response to the COVID-19 pandemic, as well as the uncertainty of the extent of any further discovery demands and the issues impacting Plaintiff's ability to prosecute his claims, Defendants cannot estimate how much time will be sufficient to complete discovery," but believe that an extension of 60 days is appropriate.

## LEGAL STANDARD

> If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

"Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed R. Civ. P. 37(b)(2)(C).

> In imposing Rule 37 sanctions, . . . courts properly consider various factors, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non–compliant party had been warned of the consequences of noncompliance." *Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d at 144 (internal quotation marks omitted); *see also id.* (observing that factors are "not exclusive").

Funk v. Belneftekhim, 861 F.3d 354, 366 (2d Cir. 2017).

> When a party seeks to frustrate this design by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate. *See National Hockey League,* 427 U.S. at 643, 96 S.Ct. at 2781 (availability of severe sanctions necessary both to penalize recalcitrant parties and deter others from similar conduct); *see generally Update Art, Inc. v. Modiin Publishing, Ltd.,* 843 F.2d 67, 73 (2d Cir.1988) (compliance with discovery orders "necessary to the integrity of our judicial process").

Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991).

> [S]anctions imposed by a district court pursuant to Rule 37(b)(2) must be "just" and "must relate to the particular claim to which the discovery order was addressed." *Daval Steel Prods. v. M/V Fakredine,* 951 F.2d 1357, 1366 (2d Cir.1991). Courts in this Circuit typically impose Rule 37 sanctions only when there has been a clear failure to produce materials in the offending party's possession or control, *see, e.g., Aliki Foods, LLC v. Otter Valley Foods, Inc.,* 726 F.Supp.2d 159 (D.Conn.2010), or where the moving party has demonstrated that spoliation of evidence has occurred, *see, e.g., Centrifugal Force, Inc. v. Softnet Comm., Inc.,* 783 F.Supp.2d 736 (S.D.N.Y.2011).

>Tech. in P'ship, Inc. v. Rudin, 894 F. Supp. 2d 274, 287 (S.D.N.Y. 2012) (citations omitted).

"[A] district court's imposition of Rule 37 discovery sanctions" is discretionary. Funk, 861 F.3d at 365. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

## APPLICATION OF LEGAL STANDARD

*Motion for Sanctions*

<u>Whether the Defendants Failed to Comply with the Court's January 27, 2020 Order</u>

The defendants do not contend that the Court's January 27, 2020 order was not clear and unambiguous. The defendants failed to support their opposition to the motion with any evidence as no affidavit or exhibits were submitted in support of the defendants' memorandum of law opposing the motion. Instead, the defendants rely on their February 26, 2020 letter, Docket Entry No. 71, to support their assertion that they complied with the Court's January 27, 2020 order. However, the defendants' letter responding to the plaintiff's February 10, 2020 letter-motion, is not admissible evidence. Moreover, in their February 26, 2020 letter, the defendants assert that: (1) on February 6, 2020, the date on which the January 27, 2020 order directed their production, they "produced documents responsive to 16 of Plaintiff's document requests"; (2) "[a]s to the remaining document requests, Defendants advised Plaintiff" that they "were unable to locate documents responsive to Request Nos. 9, 11, 39, 40, and 41 following a diligent search" and they "continue to search for documents responsive to Request Nos. 1, 13 and 42, and will produce such documents by February 27, 2020 if any are located"; and (3) "by letter dated February 25, 2020, annexed hereto as Exhibit B, produced all remaining responsive documents that could be located following a diligent search." Thus, the defendants conceded in their February 26, 2020 letter that they did not comply with the Court's January 27, 2020 order, since

8

they did not respond to the plaintiff's document requests at issue by the date by which they were directed to do so, February 6, 2020, and they neither sought nor obtained an extension of the February 6, 2020 directive to produce documents directed to be produced by the January 27, 2020 order. Despite conceding in their February 26, 2020 letter on which the defendants rely that they did not comply with the January 27, 2020 deadline for production, the defendants assert in their memorandum of law that they "have fully complied with the Court's January 27, 2020 Order." Having failed to comply with the deadline imposed by the Court's January 27, 2020 order without seeking or obtaining an extension of time for compliance, the Court finds that the defendants did not comply with the Court's January 27, 2020 order.

The plaintiff's document request No. 20 seeks "a computer printout of the legal name, date of birth, home address, phone number, and emergency contact information for the inmate transferred to C-76 as described supra in the preceding paragraph." The preceding paragraph is document request No. 19 seeking, in relevant part, "the name of the inmate who was transferred to C-76 on [the] morning [of September 25, 2014], because he observed the deep rope strangulation marks around plaintiff's neck while we were both in the bathroom urinating alone and notified officer 'Jane Doe' upon his departure to the receiving-room to be transferred." The plaintiff contends that, in response to document request No. 20, the defendants produced "DEF001217-DEF001218 (Exhibit # 19) which omits all personal information ordered to be produced."

The plaintiff's document request No. 23 seeks "a computer generated list with the names, date of birth, last known home address, phone number, and emergency contact information for all the detainees housed in A.M.K.C. dorm 2-TOP on September 25, 2014," and document request No. 41 seeks the same information "for all the detainees in G.M.D.C. dorm 6 in January

9

2015." The plaintiff contends that in response to document request No. 23, the defendants produced DEF001242-001243, without any identifying personal information, and they did not produce any documents in response to document request No. 41.

The plaintiff's document request No. 28 seeks "a photocopy of the A.M.K.C. Law Library logbook entry for November 25, 2014, the 3 P.M. to 11 P.M. tour which will reflect Captain Williams instructed Defendant Officer Motsife to log an entry in the book that plaintiff was finally issued warm clothes on this date." The plaintiff asserts that in response to document request No. 28 the defendants produced DEF1250-1254, "the logbook entries of all inmates entering the law library during each session on November 25, 2014," which is not "the A.M.K.C. Law Library logbook of Captain Williams for the 3pm to 11pm tour on November 25, 2014."

The defendants assert, without any evidence in support, that: (i) "the documents produced in response to Request Nos. 20, 23, and 28 . . . were the only ones located by Defendants. No other documents were located and none are being withheld"; and (ii) they "did not locate any documents responsive to Request No. 41 following a diligent search, and they were therefore unable to produce any documents in response to that request." The defendants did not explain why they failed to produce "home address, phone number, and emergency contact information identifying information" requested by the plaintiff's document request No. 20, and they did not provide any evidence that such information is not maintained and does not exist in the defendant's data system. Similarly, the defendants did not explain why they failed to provide any identifying personal information in response to the plaintiff's request No. 23 and any information in response to the plaintiff's request No. 41, or provide evidence that such information is not maintained and does not exist in the defendants' data system. The plaintiff's document request No. 41 seeks information related to "G.M.D.C. dorm 6 in January 2015," and

10

the plaintiff asserted that as the defendants knew G.M.D.C. "was closed, but the central office either has the information or the keys to open the building to retrieve the information." The defendants did not dispute the plaintiff's assertions about their knowledge that G.M.D.C. was closed and that "the central office either has the information or the keys to open the building to retrieve the information." Concerning the plaintiff's document request No. 28, the defendants produced non-responsive documents and failed to: (a) explain why they did not produce the requested logbook of Captain Williams; or (b) provide any evidence that the information requested is not maintained by the defendants and does not exist. Moreover, the defendants did not submit any evidence in support of their repeated assertions that they conducted a diligent search for documents, showing the nature and extent of the search, who conducted the search, when and how. The defendants' assertion that they "have fully complied with the Court's January 27, 2020 Order" is rejected as meritless. The Court finds that the defendants failed to comply with the Court's January 27, 2020 order.

Defendants' Willfulness or the Reason for Noncompliance

The defendants assert, in a conclusory fashion, that "there is no showing that any non-compliance was willful," without citation to any authority or explanation. The defendants' conclusory assertion that any non-compliance was not willful is inconsistent with their assertion in the February 26, 2020 letter that, despite knowing of the February 6, 2020 deadline imposed by the January 27, 2020 order and without seeking or obtaining an extension of time for compliance with that order, they: (i) "continue to search for documents responsive to Request Nos. 1, 13 and 42, and will produce such documents by February 27, 2020 if any are located"; and (ii) "by letter dated February 25, 2020, annexed hereto as Exhibit B, produced all remaining responsive documents that could be located following a diligent search." The defendants did not

11

explain the reason for their noncompliance or provide any evidence that the information responsive to the plaintiffs' document request Nos. 20, 23, 28 and 41 does not exist or is not in their possession or control. The defendants' self-serving conclusory assertion that any noncompliance was not willful is meritless in light of their February 26, 2020 letter. The Court finds that the defendants' noncompliance with the January 27, 2020 order was willful.

<u>Efficacy of Lesser Sanctions</u>

The plaintiff argues that "the only proper remedy under these circumstances is all factual allegations raised in the Complaint relating to G.M.D.C. should be respectfully accepted as true as prescribed by the legal remedies of Rule 37(b)(2)(A)(i) of the Fed. R. Civ. P." The defendants failed to respond to the plaintiff's argument or mention lesser sanctions in their memorandum of law. "[D]irecting that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims" is the least harsh sanction under Rule 37(b)(2)(A). However, the plaintiff's request that "all factual allegations raised in the Complaint relating to G.M.D.C. should be respectfully accepted as true" cannot be said to be just because it does not appear that it is related to the plaintiff's document request Nos. 20, 23 and 28, which concern his allegations about events that occurred at A.M.K.C. Only the plaintiff's document request No. 41 concerns his allegations about events that occurred at G.M.D.C. Although the plaintiff asserts in his motion that "all documents ORDERED to be produced relating to G.M.D.C. (i.e. 1139 and 1141) were withheld or claimed unable to locate," except document request No. 41, he did not identify any other document requests concerning G.M.D.C. that he asserts the defendants "withheld or claimed unable to locate." The Court finds that granting the plaintiff's request that "all factual allegations raised in the Complaint relating to G.M.D.C. should be respectfully accepted as true" cannot be said to be just because only

12

document request No. 41 is related to G.M.D.C. and lesser sanctions may be more appropriate in the circumstance of this case.

It appears that compelling the defendants anew to respond to document request Nos. 20, 23, 28 and 41 would be futile because the Court's January 27, 2020 order doing so was not obeyed. However, the plaintiff proposed and served on the defendants his "Second Production of Document[] Requests," dated May 27, 2020, Docket Entry No. 93, pages 60-69. The defendants did not: (a) address the plaintiff's arguments concerning his "Second Production of Document[] Requests"; (b) refute his evidence that they were served on the defendants on May 27, 2020; and (c) provide evidence of their responses, if any, to the plaintiff's "Second Production of Document[] Requests," dated May 27, 2020. The Court finds that a just and appropriate sanction in the circumstance of this case is to compel the defendants to respond to the plaintiff's "Second Production of Document[] Requests."

Duration of Noncompliance

The plaintiff's instant motion was made on September 25, 2020, asserting that the defendants failed to comply with the Court's January 27, 2020 order. Although the defendants asserted in their February 26, 2020 letter that they produced all responsive documents directed to be produced by the January 27, 2020 order, the Court determined above that is not the case. The Court finds that this action has been significantly delayed by the defendants' conduct, which necessitated the plaintiff's motion to compel that was granted by the January 27, 2020 order. Thereafter, the defendants failed to comply with the January 27, 2020 order, prompting further delays and prejudicing the plaintiff by hindering his ability to locate witnesses and prosecute his case. Thus, the Court finds that the noncompliance with the January 27, 2020 order, prompting

13

the plaintiff's instant motion, was of a duration significant enough, under the circumstances, to warrant this factor militating against the defendants.

### Whether the Defendants Had Notice of the Consequences of Noncompliance

"Rule 37(a) clearly envisions some judicial intervention between a discovery request and the imposition of sanctions. That intervention serves to alert the offending party to the seriousness of its noncompliance and permits judicial scrutiny of the discovery request." Daval Steel Prods., 951 F.2d at 1364–65. The plaintiff having made a motion to compel, pursuant to Fed. R. Civ. P. 37(a) and the Court's January 27, 2020 order granting that motion and compelling the defendants to produce documents responsive to the plaintiff's discovery requests, provided the defendants with notice of the consequences of noncompliance with the Court's January 27, 2020 order, which is an order within the meaning of Fed. R. Civ. P. 37(b)(2)(A). See Daval Steel Prods., 951 F.2d at 1363 ("Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order."). Accordingly, the Court finds that the defendants had notice of the consequences of noncompliance with the Court's January 27, 2020 order.

### Expenses

The plaintiff asserts that he incurred $819 in expenses, including $70 he paid to use a typewriter to type the complaint, "a ribbon at ten dollars and rented typewriter for a week at $44.80" and copying fees. Although the plaintiff provided evidence that he received certain funds electronically in May and June 2020, he did not provide any evidence corroborating any of his expenses incurred as a result of the defendants' failure to comply with the Court's January 27, 2020 order. Accordingly, the Court finds that awarding expenses to the plaintiff is not warranted.

*Motion for an Extension of Time to Complete Discovery*

On September 5, 2020, the Court enlarged the time to complete pretrial discovery activities to October 30, 2020. See Docket Entry No. 92. The defendants do not oppose the plaintiff's request for an extension of time to complete discovery. Although the defendants assert that they "cannot estimate how much time will be sufficient to complete discovery," they suggest that a 60-day extension is appropriate. In light of the Court's above findings concerning the plaintiff's motion to dismiss, the Court finds that the plaintiff demonstrated good cause to extend the time to complete discovery. Given that the defendants have already been served with the plaintiff's "Second Production of Document[] Requests" and in light of the delays caused by the COVID-19 pandemic, the Court finds that extending the time to complete pretrial discovery activities to 60 days from service of the defendants' responses to the plaintiff's "Second Production of Document[] Requests" is appropriate.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for sanctions, Docket Entry No. 93, is granted. On or before December 15, 2020, the defendants shall respond to the plaintiff's "Second Production of Document[] Requests." All pretrial discovery activities shall be completed within 60 days from December 15, 2020. The defendants are on notice that any future failure to comply with an order of the Court will be subject to sanctions, including the harshest sanctions.

Dated:  New York, New York	SO ORDERED:
      December 1, 2020

                                                              */s/ Kevin Nathaniel Fox*
                                                              KEVIN NATHANIEL FOX
                                                              UNITED STATES MAGISTRATE JUDGE

16