```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
THOMAS LENAHAN,                                       :

                Plaintiff,                            :

        v.                                            :
                                                              MEMORANDUM AND ORDER
CITY OF NEW YORK, et al.,                             :
                                                                17-CV-6734 (AJN) (KNF)
                Defendants.                           :
------------------------------------------------------ X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Before the Court is the defendants' motion, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, "for an Order striking (i) Plaintiff's discovery demands dated February 23, 2021 and March 5, 2021 and (ii) Plaintiff's Demand for Interrogatories and Admissions dated March 8, 2021, or, in the alternative, for an extension of the discovery deadline to May 17, 2021." The plaintiff did not oppose the motion.

### DEFENDANTS' CONTENTIONS

The defendants assert:

On March 2, 2021, the Law Department received Plaintiff's untitled discovery demands dated February 23, 2021, which sought information and documents, and arrived in an envelope postmarked February 25, 2020.[1] Thomas Decl. at ¶ 5. However, due to COVID-19-related restrictions in the office that hampered more timely delivery of papers to assigned attorneys, Defendant's counsel did not receive Plaintiff's February 23, 2021 discovery demands until March 9, 2021. Id. Subsequently, on March 16, 2021, Defendants received a package from Plaintiff containing a letter dated March 5, 2021 seeking documents and information and Plaintiff's Demand for Interrogatories and Admissions dated March 8, 2021, both of which arrived in an envelope postmarked March 10, 2020. Id. at ¶ 6. In order to respond to some of Plaintiff's discovery demands and requests for admissions, DOC and/or the DOC's counsel must submit requests for information/documents to relevant personnel at various DOC facilities, await a response from such personnel, review any documents that are located, and, if necessary, redact and

---

[1] The plaintiff's February 23, 2021 discovery request is postmarked February 25, 2021, not February 25, 2020.

1

produce them to Plaintiff. Id. at ¶¶ 8-9. Because this process is likely to take several weeks, Defendants could not have timely responded to Plaintiff's discovery demands (i.e., before April 1, 2021). Id.

According to the defendants, the plaintiff "mailed (and, thus served) one set of discovery requests on February 25, 2021 and another on March 10, 2021," and their responses were due 33 days later, on March 30 and April 12, 2021, respectively, pursuant to Fed. R. Civ. P. 6(d), making the plaintiff's requests untimely. Moreover, the defendants "did not receive Plaintiff's requests until March 2 and March 16, 2021, and Defendant's counsel only became aware of the former demand on March 9, 2021. Thus, although Plaintiff's first set of demands was served timely, the delay in delivery affords Defendants less than the thirty-three days contemplated by the Federal Rules for a response." The defendants request an "order striking Plaintiff's discovery requests (except to the extent that they overlap with the discovery requests at issue in Plaintiff's pending objections to the Court's December 1, 2020 Order), or, in the alternative, extending the close of fact discovery." Alternatively, the defendants request "approximately 45 days" to complete all outstanding discovery and the timing of the plaintiff's requests justify the time extension.

In support of their motion, the defendants submitted a declaration by their attorney Copatrick Thomas ("Thomas") who states, in pertinent paragraphs:

> 5. On March 2, 2021, the Law Department received Plaintiff's untitled discovery demands dated February 23, 2021, a copy of which is annexed hereto as Exhibit A. These discovery demands – seeking both information and documents – arrived in an envelope postmarked February 25, 2020. Due to COVID-19-related restrictions in the office that hampered more timely delivery of papers to assigned attorneys, I did not personally receive Plaintiff's February 23, 2021 discovery demands until March 9, 2021. 6. On March 16, 2021, I received a package from Plaintiff containing a letter dated March 5, 2021 and Plaintiff's Demand for Interrogatories and Admissions dated March 8, 2021, a copy of which is annexed hereto as Exhibit B. These papers arrived in an envelope postmarked March 10, 2020 [sic]. 7. In his March 5 letter, Plaintiff seeks certain documents and information, while item number 10 of his Interrogatories seeks addresses and telephone numbers for five

2

individuals.  His request for admissions also request [sic] Defendants to deny or confirm certain factual information which has not been the subject of any discovery to date.  8. I am informed that, in order to respond to Plaintiff's discovery demands and requests for admissions, DOC must submit requests for information/documents to relevant personnel at various DOC facilities, and thereafter await a response from such personnel. This process is likely to take several weeks, in part because many DOC employees continue to work remotely due to the COVID-19 pandemic and, therefore, do not have ready access to the requested documents or sources of the requested information. 9. Upon receipt of any potentially relevant documents, DOC and/or the Law Department must review the documents and, if necessary, redact and produce them to Plaintiff. This process is likely to take one to two weeks. 10. Given these timeframes, upon receiving Plaintiff's discovery demands on March 2, 2021 and March 16, 2021 (and upon only becoming aware of the former demand on March 9, 2021).

## LEGAL STANDARD

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery.

Fed. R. Civ. P. 26(c)(1)(A).

"[T]he party seeking a protective order has the burden of showing that good cause exists for issuance of that order."  Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004) (citation omitted).

## APPLICATION OF LEGAL STANDARD

The defendants' motion does not include, as required by Fed. R. Civ. P. 26(c)(1), "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Thus, denial of the defendants' motion on this procedural ground is warranted.

The defendants do not assert that good cause exists to protect them "from annoyance, embarrassment, oppression, or undue burden or expense," as contemplated by Fed. R. Civ. P. 26(c). Not having asserted any of the bases for protection under Fed. R. Civ. P. 26(c), the defendants failed to carry their burden of showing that good cause exists to protect them "from annoyance, embarrassment, oppression, or undue burden or expense."

The defendants seek relief not contemplated by Fed. R. Civ. P. 26(c) governing protective orders, namely, "striking plaintiffs' discovery requests" because "Plaintiff did not serve them sufficiently in advance to allow Defendants time to respond prior to the April 1, 2021 discovery deadline." Although the defendants request an "order striking Plaintiff's discovery requests (except to the extent that they overlap with the discovery requests at issue in Plaintiff's pending objections to the Court's December 1, 2020 Order)," they do not identify what requests, if any, "overlap with the discovery requests at issue in Plaintiff's pending objections to the Court's December 1, 2020 Order."

The defendants concede that "Plaintiff's first set of demands was served timely," but argue their attorney did not receive the plaintiff's February 23, 2021 discovery requests until March 9, 2021 "due to COVID-19-related restrictions in the office that hampered more timely delivery of papers to assigned attorneys." In his declaration, Thomas failed to: (a) identify the nature and extent of "COVID-19 related restrictions in the office" that "hampered" delivery of the plaintiff's February 23, 2021 discovery requests that were received by the Law Department on March 2, 2021; or (b) provide any details explaining why it took one week for Thomas to "personally receive Plaintiff's February 23, 2021 discovery demands [on] March 9, 2021." The defendants do not make citation to any binding authority in support of their argument that,

4

"although Plaintiff's first set of demands was served timely, the delay in delivery affords Defendants less than the thirty-three days contemplated by the Federal Rules for a response."

The defendants assert that "Plaintiff's second discovery request is untimely, as it was not served sufficiently in advance to allow Defendants to respond prior to the April 1, 2021 discovery deadline." The plaintiff's March 5, 2021 discovery requests seek personal identifying information for certain persons, as well as information based on the defendants' responses to the plaintiff's discovery requests and Thomas's "February 5" letter, in which Thomas stated that the plaintiff has "two weeks to respond to your correspondence, but [the plaintiff] received the envelope on February 10, 2021 and went to work immediately." In light of the defendants' previous failures to respond to the plaintiff's discovery demands, as illustrated by the plaintiff's successful motion to compel, and litigation delay caused by the defendants' conduct, the Court is not convinced that the defendants established good cause warranting "striking" of the plaintiff's "second discovery request" as untimely.

Although the Court indicated previously its reluctance to entertain requests for extensions of time to complete discovery, it is mindful of "a strong preference for resolving disputes on the merits" in this circuit. New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (citation omitted). In exercising its discretion to manage its own docket, the Court extends time, 45 days from the date of this order, for the defendants to respond to the plaintiff's discovery requests subject to this motion.

## CONCLUSION

For the foregoing reasons, the defendants' motion for a protective order, Docket Entry No. 115, is denied.

**<u>The Clerk of Court is directed to mail a copy of this order to the plaintiff.</u>**

Dated:  New York, New York          SO ORDERED:
       July 21, 2021

                                              *Kevin Nathaniel Fox*
                                        KEVIN NATHANIEL FOX
                                        UNITED STATES MAGISTRATE JUDGE