UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/9/21

Thomas Lenahan,

                Plaintiff,

    –v–

City of New York, *et al.*,

                Defendants.

17-CV-6734 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

This action concerns allegations by Mr. Lenahan, acting pro se, that the New York City Department of Corrections, and a variety of individual Defendants, were deliberately indifferent to deficient conditions of confinement in violation of Mr. Lenahan's constitutional rights.[1] Magistrate Judge Fox has overseen the parties' extended discovery disputes. Before the Court is Mr. Lenahan's objections to Judge Fox's discovery order dated December 1, 2020. For the reasons that follow, the Court OVERRULES Mr. Lenahan's objections.

**I.   Background**

On January 27, 2020, Judge Fox ordered Defendants to respond to 16 of Mr. Lenahan's outstanding document requests. Dkt. No. 67. On September 25, 2020, Mr. Lenahan moved for sanctions under Federal Rule of Civil Procedure 37, because Defendants had not yet fully complied with Judge Fox's Order, and moved to extend the time to complete discovery. Dkt. No. 93. Mr. Lenahan's motion focused on four discovery requests:

- No. 20, the name and contact information of a particular former inmate;

---

[1] Mr. Lenahan raises related claims under the First Amendment, the Due Process Clause, the Equal Protection Clause, and state law. Compl. ¶¶ 40–70, Dkt. No. 2.

1

- No. 23, the names and contact information of certain inmates housed on September 25, 2014, at the Anna M. Kross Center ("AMKC") located on Rikers Island;

- No. 28, the AMKC logbook entries for the law library on November 25, 2014; and

- No. 41, the names and contact information of certain inmates houses in January 2015 at the George Motchan Detention Center ("GMDC") on Rikers Island.

Sanctions Op. at 2–6, Dkt. No. 100; Dkt. No. 93, Ex. 4.

On December 1, 2020, Judge Fox granted Mr. Lenahan's motion. Judge Fox concluded that Defendants did not comply with his January 27 Order and that their noncompliance was willful. Sanctions Op. at 8–12. But Judge Fox concluded that Mr. Lenahan's requested sanctions of an adverse inference in his favor at summary judgment and trial or monetary sanctions were unjustified, instead ordering Defendants to comply with Mr. Lenahan's second set of discovery requests, which included some of the materials previously requested in items 20, 23, 28, and 41. *Id.* at 12–14. Last, Judge Fox granted Mr. Lenahan's request to extend discovery. *Id.* at 15.

On January 15, 2021, Mr. Lenahan filed objections to Judge Fox's Memorandum and Order. Objections, Dkt. No. 108. He argues that Defendants have not produced the materials for discovery requests numbered 20, 23, 28, and 41, and that Judge Fox improperly considered only sanctions for documentation that Defendants did not produce related to GMDC but not sanctions for documents related to AMKC. *Id.* at 2–4. Mr. Lenahan also raises a new allegation that Defendants did not provide a medically recommended mattress, which caused him severe nerve pain. *Id.* at 7–8. Last, Mr. Lenahan renews his request to be appointed pro bono counsel. *Id.* at 6, 9. Defendants filed a response on February 5, 2021. Gov't Resp., Dkt. No. 112.

## II.  Legal standard

"Magistrate judges have broad discretion to resolve the discovery disputes referred to them." *Am. Broad. Cos., Inc. v. Aereo, Inc.*, No. 12-cv-1540 (AJN), 2013 WL 12328764, at *3

(S.D.N.Y. Oct. 17, 2013) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)). "Monetary sanctions pursuant to Rule 37 for noncompliance with discovery orders usually are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard." *Thomas E. Hoar*, 900 F.2d at 525; *see* Fed. R. Civ. P. 72(a). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007) (cleaned up) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

Objections made by a pro se party are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." *Machicote v. Ercole*, No. 06-cv-13320 (DAB), 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (quotation omitted). But "even a pro se party's objections . . . must be specific and clearly aimed at particular findings in the magistrate's proposal." *Pinkney v. Progressive Home Health Servs.*, 06-cv-5023 (LTS), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).

### III.  Discussion

Mr. Lenahan's primary objection is that Defendants were not properly compelled to respond adequately to discovery requests numbered 20, 23, 28, and 41. For the reasons explained in the Government's response, the Court concludes that this objection is moot because the requested documents have since been produced to Mr. Lenahan.

First, as to item 20, the Government had previously produced the requested name to Mr. Lenahan. Gov't Resp., Ex. C. Mr. Lenahan's objection stated that he seeks the contact information for that individual, Albert Ferelli. Objections at 4. The Government agreed to provide that information to Mr. Lenahan. Gov't Resp., Ex. G.

Second, as to item 23, the Government provided an initial disclosure of names. Gov't Resp., Ex. C. Mr. Lenahan seeks additional detail, apparently sufficient contact information to enable him to subpoena and depose witnesses. Objections at 4. The Government has agreed to provide the contact information for any individuals that Mr. Lenahan requests. Gov't Resp., Ex. G.

Third, as to item 28, the Government provided Mr. Lenahan the requested photocopy of the AMKC logbook on January 20, 2021. Gov't Resp., Ex. F.

Fourth, for item 41, the Government initially stated that it could not identify names responsive to Mr. Lenahan's request. Gov't Resp., Ex. C. But upon Mr. Lenahan narrowing the request, the Government has since produced the requested list of names and will produce the contact information for any that Mr. Lenahan requests. Gov't Resp., Ex. F.

The Court concludes that Mr. Lenahan's objection to Defendants' failure to respond to these discovery requests is moot. It therefore does not overrule Judge Fox's Memorandum and Order on this basis.

Mr. Lenahan also objects on the basis that Judge Fox misconstrued his sanctions motions as concerning only documents at GMDC, not at AMKC. Objections at 2. The Court concludes that Judge Fox did not clearly err. Judge Fox's Memorandum and Order repeatedly references Mr. Lenahan's document requests for both AMKC and GMDC, *e.g.*, Sanctions Op. at 3, 9–10, and carefully considered whether the documents denied to Mr. Lenahan justified a sanction of drawing all factual allegations in Mr. Lenahan's favor, as requested, *id.* at 12. Judge Fox instead concluded that the lesser sanction of ordering that Defendants comply with Mr. Lenahan's second round of requests was adequate. *Id.* at 13. This Court does not find such reasoning to be clearly erroneous.

Separate from objecting to any legal conclusion in Judge Fox's December 1 Memorandum and Order, Mr. Lenahan raises two other issues. First, he argues that through discovery he has identified "another cause of action" arising from Defendants' failure to provide him a proper mattress recommended by medical personnel, which resulted in Mr. Lenahan suffering severe nerve pain. Objections at 6–8. If Mr. Lenahan wishes to recover on this claim, he may seek to amend his complaint under Federal Rule of Civil Procedure 15, which permits amendment either by "the opposing party's written consent or the court's leave," which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Second, Mr. Lenahan renews his request for counsel. Objections at 9. Judge Fox has twice ordered that Mr. Lenahan be placed on the list for pro bono counsel. Dkt. Nos. 49, 97. But the Court can only "request," not appoint, pro bono counsel to represent Mr. Lenahan and it does not have funds to pay counsel in a civil action. *See Green v. N.Y.C. Transit Auth.*, No. 15-CV-8204 (ALC), 2021 WL 540045, at *1 (S.D.N.Y. Jan. 21, 2021); *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 301 (1989).

This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, so *in forma pauperis* status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk's office is respectfully directed to mail a copy of this Memorandum Opinion and Order to Mr. Lenahan and note the mailing on the public docket.

SO ORDERED.

Dated: November 9, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge